OPINION
Defendant-appellant Timothy M. Glass appeals the December 4, 1998 Judgment Entry of the Perry County Court, which memorialized a jury verdict of guilty and imposed sentence accordingly. Plaintiff-appellee is the Village of Roseville.
 STATEMENT OF THE CASE AND FACTS
On September 2, 1998, appellant was arrested and charged with one count of Aggravated Menacing in violation of R.C. 2903.21(A). Appellant pled not guilty and the case proceeded to trial on November 13, 1998. On July 14, 1998, at approximately 9:00 p.m., Jack Watson drove his tow truck to appellant's residence. Mr. Watson was in the business of repossessing vehicles and intended to repossess appellant's vehicle that evening. At trial, Mr. Watson testified he started the process of towing appellant's vehicle by strapping the car to the tow truck and using the tow lift to raise one end of the car in the air. A woman came from the residence and Mr. Watson explained he was repossessing the car. The woman asked if she could take her things out of the car and Mr. Watson gave her permission to do so. At that point, appellant came out of the residence and joined the woman in transferring items from the car to the house. Appellant, ostensibly retrieving items, started the car and attempted to drive it off the back of the tow truck. Because it was strapped in, he was unable to free the vehicle. Mr. Watson testified appellant then went back into the house with another load of belongings from the car, and returned with a shotgun. Mr. Watson stated he could see an elastic shell holder on the stock. He did not know if the gun was loaded, but he assumed it was. Mr. Watson told appellant he would release the car and immediately began to unstrap it. Appellant pointed the gun at Mr. Watson while he worked. As soon as the car was free, Mr. Watson jumped into his truck and drove a short distance down the road. Mr. Watson testified he attempted to reach the sheriff on his cellular phone but he could not get a signal. He looked in his rearview mirror and saw a truck coming toward him. He did not recognize the truck, but he assumed it was appellant. Mr. Watson was correct in this assumption. Appellant chased Mr. Watson down the hill, across a parking lot, through a ditch and onto Rt. 93. Ultimately, Mr. Watson eluded appellant. Upon seeing a police cruiser in a convenience store parking lot, Mr. Watson stopped to report the incident. On November 13, 1998, a jury found appellant guilty of one count of Aggravated Menacing. In a November 17, 1998 Judgment Entry, the trial court memorialized the jury's guilty verdict and sentenced appellant to six months in jail. The trial court suspended two months of the sentence provided appellant be on good behavior for a period of one year. It is from that judgment entry appellant prosecutes this appeal assigning the following as error:
 I. THE TRIAL COURT ERRED WHEN IT FAILED TO IDENTIFY FOR MR. GLASS AND THE JURY WHICH ACT OF MR. GLASS CONSTITUTED AGGRAVATED MENACING. TR. 142-154.
 II. THE JURY ERRED WHEN IT RETURNED A GUILTY VERDICT. TR. 155.
 III. THE TRIAL COURT ERRED WHEN IT PERMITTED PROSECUTORIAL MISCONDUCT IN CLOSING ARGUMENT. TR. 133-135, 139-140.
 IV. THE TRIAL COURT ERRED WHEN IT FAILED TO DEFINE FOR THE JURY THE TERM "TRESPASSER". TR. 148-49.
 I
In his first assignment of error, appellant maintains the trial court failed to identify the act or acts which comprised the charge. Appellant notes there were two separate and distinct contacts between appellant and Mr. Watson, and argues neither would independently support a conviction for aggravating menacing. This assignment of error is an attack on the jury charge. Crim. R. 30 provides: On appeal, a party may not assign as error the giving or the failure to give any instructions unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection. Because appellant failed to object to the jury instructions, this assignment of error is overruled.
 II
In his second assignment of error, appellant argues the verdict was not supported by the weight of the evidence and by sufficient evidence. We do not agree. In State v. Jenks (1981), 61 Ohio St.3d 259, the Ohio Supreme Court set forth the standard of review when a claim of insufficiency of the evidence is made. The Ohio Supreme Court held: An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jenks, supra, at paragraph two of the syllabus. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment. State v. Thompkins (1997), 78 Ohio St.3d 380,387 citing State v. Martin (1983), 20 Ohio App.3d 172, 175. Because the trier of fact is in a better position to observe a witnesses' demeanor and weigh his or her credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, syllabus 1. Appellant has subdivided this assignment of error into two sections. First, appellant argues the victim testified he was not in fear and therefore the State was unable to prove aggravated menacing. Next appellant asserts the jury failed to properly apply the affirmative defense of defense of property. Appellant asserts the State could not have proved aggravated menacing because Mr. Watson testified he was not afraid when appellant threatened Mr. Watson with a shotgun. We do not agree. Simply put, the statute does not require a victim to be in fear. R.C. 2903.21(A), Aggravated Menacing, states: No person shall knowingly cause another to believe that the offender will cause serious physical harm to the person or property of such other person, such other person's unborn, or a member of the person's immediately family.
The relevant inquiry is, therefore, whether appellant caused Mr. Watson to believe appellant would cause Mr. Watson serious physical harm. The State presented testimony of Mr. Watson and Sandra Merritt, an eyewitness. Each witness provided the jury with evidence on this issue. Mr. Watson recounted the incident as follows: A. [Mr. Watson]: * * * By that time, he knew it wasn't — the car wasn't going anywhere so he got out and started taking more stuff out of the car. And he went back into the house on the next trip and came back out. And I — it was dark. I seen him. He had something in his hands. He bent over and put the butt of the shotgun in between his feet and cocked it.
* * *
Q. Where was it aimed?
A. Right at me.
* * *
 A. I went to take the strap off [of the car]. That's when he walked up behind me. I could see that he had it pointed toward me. I just told him I didn't want any trouble. I said, "I'm getting out of here."
Q. Did you leave then?
A. Yeah. After I lowered the car — * * *
* * *
Q. Okay. Did you fear physical harm from that gun?
* * *
 A. I was just, like, it's finally going to happen. I really didn't — wasn't, you know, afraid. I just — just wanted to get out of the situation. The best way was to do — was to cooperate with whatever he said to do.
* * *
(T. at 51-53, 56). (Emphasis added).
When Mr. Watson found police officers at the convenient mart, he told them of the incident:
 And at the time I didn't know Roseville even had a village police department. They was — were like, "There's a cop down there on Roseville." I said, "Buddy, I'm not going back there."
(T. at 57). (Emphasis added).
The State also presented the testimony of Sandra Merritt. Ms Merritt testified: A. [Ms. Merritt]:
 * * * I walked outside, and I heard — sounded like a gun being cocked. Next thing I know, I heard the tow truck guy say, "Man, I don't want no problems." He, real quick, put the car down and spun off down with everything on it. Didn't even take time to put anything up. He just went down the road.
* * *
 A. No. I heard him say, "I don't want any trouble, man."
 Q. [Prosecutor]: That was — was from — from the tow truck driver?
A. Yes, uh-huh.
Q. Did you see the tow truck driver then?
 A. I didn't because — not really. I mean, he was scared. Like I said, he just got into this truck; and I was wondering why he took off so fast. I mean, usually they put the stuff up and then take off. I mean, he just was gone.
T. at 85, 87. (Emphasis added).
Because appellant was pointing a shotgun at Mr. Watson, and because appellant cocked the weapon in front of Mr. Watson, we find it more than reasonable for a jury to conclude Mr. Watson believed appellant would cause him serious physical harm. Further, the testimony of Ms. Merritt demonstrates Mr. Watson acted as if he believed appellant would cause him serious physical harm. In the second portion of appellant's second assignment of error, appellant argues the jury lost its way in failing to apply the affirmative defense of defense of property. We cannot agree. The jury was instructed on the affirmative defense, and after hearing the evidence, the jury found the defense did not apply. In light of the discussion above, we find there was sufficient, competent credible evidence upon which the jury could base its decision.
 III
In his third assignment of error, appellant maintains the trial court erred in permitting prosecutorial misconduct during the closing argument. Specifically, appellant maintains the prosecutor gave his opinion concerning the status of evidence, and misstated the elements of aggravated menacing. The test for prosecutorial misconduct during closing argument is whether the prosecutor's conduct at trial was improper and prejudicially affected the substantial rights of the defendant. State v. Lott (1990), 51 Ohio St.3d 160. It is improper for an attorney to express his personal belief or opinion as the credibility of a witness or as to the guilt of the accused. State v. Smith (1984),14 Ohio St.3d 13, 14. It is the duty of the reviewing court to consider the complaint of conduct in the context of the entire trial. Dards v. Wainwright (1986), 477 U.S. 168. If there is no objection to the statement at trial, the appellant has waived all but plain error. State v. Stojetz (1999), 84 Ohio St.3d 452, 456. Appellant attacks five statements of the prosecutor. Each of the statements were made during closing argument. The trial court overruled appellant's objection to the following statement by the prosecutor: Then if that's not enough, after the driver leaves, the defendant gets in the vehicle and follows him, and follows him closely, follows every turn he makes, follows him when he goes over the ground, follows him off the ground on grass. Apparently, there was two different things. He admitted all that. And this is a man who was — said he wasn't that frightened, but then on the other hand, I think he was. Actually, when he told us —
(T. at 134-135, emphasis added).
While remarks expressing personal opinion are improper, in light of all the other evidence, particularly the testimony of Ms. Merritt, we do not believe appellant was prejudiced by the statement. Appellant also takes issue with the following statements: As I told you at the very beginning, this is a simple case; and I think — still think it is. I told you what the evidence would show and I think we did show it and showed it very well.
(T. at 133.)
The evidence — as I told you, the evidence would show that the man was attempting to repossess the vehicle, which he — which he told us too. In fact, the defendant said he saw it and finally admitted that it was slightly elevated when he first approached him.
(T. at 134).
We find nothing improper about either of these statements and therefore, find this portion of appellant's assignment of error without merit. Appellant next objects to the prosecutor's expression of personal opinion: It seems very clear to me that the defendant did use a weapon, did threaten, and cause — definitely was — did menace Mr. Watson. I feel that the evidence is clear beyond a reasonable doubt the defendant is guilty of aggravated menacing.
(T. at 140). Counsel should refrain from expressions of personal opinion; any argument to the jury should be based on evidence adduced at trial. While we agree the statement was improper, when it is considered in the context of the entire trial, we see no manifest injustice warranting a reversal. Finally, appellant maintains he was prejudiced by the prosecutor's statement to the jury the State need only prove "physical harm" in the following statement: The issue is: Did the defendant do such things as would reasonably cause someone to fear physical harm? I think it's very clear that he did. I think it's very clear that the — that the witness had reasonable fear. I think that it's very clear that he's guilty, and that should be your verdict. Thank you.
(T. at 135). The prosecutor's misstatement of the law was clearly improper, however we note appellant failed to object. Accordingly, we review this issue under the plain error doctrine. The trial court properly instructed the jury as to the elements of aggravated menacing. Jury's are presumed to follow and obey the instructions given to them by the trial court. See, Parker v. Randolph (1979), 442 U.S. 62, 74-74; State v. Franklin (1991),62 Ohio St.3d 118, 127, Cert. Denied 1992, 119 L.Ed.2d 235. No plain error occurred with regard to the prosecutor's misstatement of the law. Appellant's third assignment of error is overruled.
 IV
Appellant maintains in his fourth assignment of error the trial court failed to define the term "trespasser" in the jury instructions. Counsel for appellant reviewed the jury instruction before they were read to the jury and did not voice an objection. Pursuant to Crim. R. 30, set forth supra, appellant may not assign as error the failure to define "trespasser." Appellant's fourth assignment of error is overruled.
The judgment of the Perry County Court of Common Pleas is affirmed.
By: Hoffman, J. Gwin, P.J. and Edwards, J. concur